**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| STEVEN E. LETIZ, *individually and on behalf of all others similarly situated*, | ) | C.A. No. 3:15-CV-00262 |
| | ) | |
| Plaintiff, | ) | **CONSOLIDATED WITH:** |
| | ) | C.A. No. 3:15-CV-281 |
| | ) | C.A. No. 3:15-CV-289 |
| v. | ) | C.A. No. 3:15-CV-292 |
| | ) | |
| KRAFT FOODS GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS**
**PENDING STIPULATION AND SETTLEMTENT**

Plaintiffs Steven E. Leitz, John Klocke and Michael Reed, Robert Meyer IRA, and Sam Wietschner ("Plaintiffs"), which have brought the actions consolidated into this action as class actions on behalf of themselves and the public stockholders of Kraft Foods Group, Inc. ("Kraft"), respectfully move this Court for an order staying the above-captioned action until negotiation, execution, and final approval in this Court of the stipulation and settlement. The parties reached an agreement on June 23, 2015 to settle the Actions as described in the Memorandum of Understanding ("MOU") attached hereto as Exhibit A.

**PROCEDURAL HISTORY**

On March 25, 2015, Kraft Foods Group, Inc. ("Kraft") and H.J. Heinz Holding Corp. ("Heinz") announced that they had entered into a definitive agreement ("Merger Agreement") under which Heinz would acquire all of the outstanding shares of Kraft in an all-stock transaction, whereby Kraft stockholders would receive one share of Heinz stock for each share of Kraft stock that they own (the "Proposed Merger").

On March 31 and April 27, 2015, respectively, plaintiff Tova Samouha ("Samouha") and plaintiff John Klocke ("Klocke") sent demand letters to the Kraft board of directors (the "Kraft Board") alleging breaches of fiduciary duty by the Kraft Board in connection with the Proposed Merger.

On April 10, 2015, Heinz filed with the U.S. Securities and Exchange Commission (the "SEC") a Form S-4 registration statement containing a preliminary proxy statement/prospectus (the "Preliminary Proxy/Prospectus").

On April 27, 2015, plaintiff Steven Leitz initiated the action captioned *Steven E. Leitz v. Kraft Foods Group, Inc., et al.*, Case No. 3:15-cv-00262-HEH (the "*Leitz* Action"), in the United States District Court for the Eastern District of Virginia (the "Eastern District of Virginia").

Between May 1 and May 14, 2015, five additional actions were commenced on behalf of shareholders of Kraft captioned as: (1) *John Klocke, et al. v. Kraft Foods Group, Inc., et al.*, Case No. 3:15-cv-00281-HEH (the "*Klocke* Action") filed in the Eastern District of Virginia; (2) *Robert Meyer IRA FBO Robert Meyer v. Kraft Foods Group, Inc., et al.*, Case No. 3:15-cv-00289-HEH (the "*Meyer* Action") filed in the Eastern District of Virginia; (3) *Sam Wietschner, et al. v. Kraft Foods Group, Inc., et al.*, Case No. 3:15-cv-00292-HEH (the "*Wietschner* Action") filed in the Eastern District of Virginia; (4) *Tova Samouha v. Kraft Foods Group, Inc., et al.*, Case No. CL 15-1132 (the "*Samouha* Action") filed in Henrico County Circuit Court, Virginia; and (5) *Brendan Foote v. John T. Cahill, et al.*, Case No. 1:15-cv-04236-EEB (the "*Foote* Action") filed in the United States District Court for the Northern District of Illinois (collectively, the "Actions"). All six Actions were commenced on behalf of shareholders of Kraft against some or all Defendants, alleging violations of federal securities laws and/or breaches of fiduciary duty and aiding and

abetting liability in connection with the Proposed Merger. All plaintiffs sought to enjoin consummation of the Proposed Merger.

On May 11, 2015, Defendants filed a motion to consolidate the *Klocke* Action and any additional related cases filed in the Eastern District of Virginia with the first-filed *Leitz* Action, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure

On May 18, 2015, Plaintiffs in the *Klocke* Action filed a notice with the Eastern District of Virginia informing it that such Plaintiffs did not intend to oppose Defendants' May 11, 2015 motion to consolidate.

On May 22, 2015, Defendants filed a motion to stay the *Foote* Action in the Northern District of Illinois in favor of the Eastern District of Virginia Actions.

On May 26, 2015, the Eastern District of Virginia granted Defendants' May 11, 2015 motion and consolidated the four E.D. Va. Actions before United States District Judge Henry E. Hudson (the "Consolidated Action").

On June 2, 2015, following amendments by Heinz to the Preliminary Proxy/Prospectus, the SEC issued a notice declaring effective Heinz's Registration Statement on Form S-4 (the "Registration Statement"), Heinz filed a final prospectus pursuant to Rule 424(b) under the Securities Act of 1933 (the "Final Prospectus"), and Kraft filed with the SEC a definitive proxy statement on Schedule 14A (the "Definitive Proxy"), in which Kraft, among other things, announced that a shareholder meeting to vote on the Proposed Merger would be held on July 1, 2015.

On June 4, 2015, counsel for plaintiff in the *Samouha* Action, on behalf of plaintiffs in all six Actions, conveyed to Defendants a confidential settlement communication, wherein it

demanded an amendment to the terms of the Proposed Merger and certain supplemental disclosures in connection with the Definitive Proxy.

All of the Actions allege that the Preliminary Proxy Statement/Prospectus is materially deficient. In addition, the *Klocke*, *Meyer* and *Samouha* Actions allege that the Director Defendants further breached their fiduciary duties in connection with the Proposed Merger and that Heinz aided and abetted those alleged breaches.

Plaintiffs in all six Actions and Defendants (collectively, the "Parties"), through their counsel, have engaged in arm's length negotiations concerning a possible settlement of the Actions, and the Parties reached an agreement on June 23, 2015 to settle the Actions as described in the MOU.

Plaintiffs and their counsel believe, subject to confirmatory discovery, that a settlement of the Actions on the terms reflected in the MOU are fair, reasonable, adequate and in the best interests of Kraft's shareholders.

## ARGUMENT

Pursuant to federal law, "[t]he grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977).

In the present case, as referenced above, Plaintiffs have concluded after engaging in arm's length negotiations with Defendants that a settlement of the Actions on the terms reflected in the MOU are fair, reasonable, adequate and in the best interests of Kraft's shareholders. This favors

the expeditious and comprehensive disposition of the causes of action before this Court regarding the Proposed Merger.

Further, pursuant to paragraph 6 of the MOU, Plaintiffs agreed to request a stay of all proceedings until negotiation, execution, and final approval in the Eastern District of Virginia of the Stipulation and Settlement. *See* Exhibit A. As soon as possible after negotiating the Stipulation of Settlement, the Parties intend to move for preliminary approval of the Settlement before this Court.

**CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Stay of Proceedings Pending Stipulation and Settlement.

Dated: June 25, 2015

/s/ ____________________

Elizabeth K. Tripodi (VA Bar #73483)
**LEVI & KORSINSKY, LLP**
1101 30th St. NW, Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121
etripodi@zlk.com

*Attorneys for Plaintiffs*