IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STEVEN E. LEITZ, Individually and on behalf of all others similarly situated,<br><br>                                      Plaintiffs,<br><br>-against-<br><br>KRAFT FOODS GROUP, INC., JOHN T. CAHILL, W. ANTHONY VERNON, ABELARDO BRU, L. KEVIN COX, MYRA M. HART, PETER B. HENRY, JEANNE P. JACKSON, TERRY J. LUNDGREN, MACKEY J. MCDONALD, JOHN C. POPE, E. FOLLIN SMITH, H.J. HEINZ HOLDING CORP., KITE MERGER SUB CORP., and KITE MERGER SUB LLC,<br><br>                                        Defendants. | Civil Action No. 3:15-CV-262-HEH<br><br>**CONSOLIDATED WITH:**<br>Civil Action Nos.<br>3:15-CV-281-HEH<br>3:15-CV-289-HEH<br>3:15-CV-292-HEH |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

On October 28, 2015, the parties to the above-captioned consolidated action (the "Action") pending before this Court (the "Court") and parallel actions pending before the United States District Court for the Northern District of Illinois (*Brendan Foote v. John T. Cahill, et al.*, Case No. 1:15-cv-4236) (the "*Foote* Action") and the Henrico County Circuit Court, Virginia (*Tova Samouha v. Kraft Foods Group, Inc., et al.*, Case No. CL15-1132) (the "*Samouha* Action") (the Action, the *Foote* Action and the *Samouha* Action hereinafter collectively referred to as the "Actions"), which parties (the "Parties") include: (a) Plaintiffs Steven E. Leitz, John Klocke, Michael Reed, Robert Meyer IRA FBO Robert

Meyer, Sam Wietschner and Tova Wietschner TRS for Sam Wietschner Pension Plan UA April 1, 1990, Tova Samouha and Brendan Foote (collectively, "Plaintiffs") and (b) Defendants John T. Cahill, W. Anthony Vernon, Abelardo Bru, L. Kevin Cox, Myra M. Hart, Peter B. Henry, Jeanne P. Jackson, Terry J. Lundgren, Mackey J. McDonald, John C. Pope and E. Follin Smith (collectively, the "Director Defendants"), as well as Kraft Foods Group, Inc. ("Kraft"), H.J. Heinz Holding Corporation ("Heinz"), H. J. Heinz Company, Kite Merger Sub Corp. and Kite Merger Sub LLC (collectively, and together with the Director Defendants, "Defendants"), by and through their attorneys, entered into a Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation"), which is intended to completely, fully, finally and forever compromise, settle, release, discharge, extinguish and dismiss with prejudice the Released Claims (including any Unknown Claims) upon and subject to the terms and conditions of the Stipulation (the "Settlement").

The Parties having applied for an order preliminarily approving the proposed Settlement and determining certain matters in connection with the proposed Settlement in accordance with the terms and conditions of the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") incorporates and makes part hereof: (a) the Stipulation; and (b) the Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Consolidated Class Action, Settlement Hearing and Right to Appear (the "Class Notice") filed with the Court as Exhibit D to the Stipulation.

Unless otherwise defined herein, all capitalized terms shall have the meanings as set forth in the Stipulation.

## PRELIMINARY APPROVAL

2. The terms of the Settlement set forth in the Stipulation are preliminarily approved as fair, reasonable and adequate and in the best interests of Plaintiffs and the Class (as defined below).

## PROVISIONAL CLASS CERTIFICATION

3. The Court provisionally finds that the Action is a proper non-opt-out class action pursuant to Rules 23(a) and 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and hereby provisionally certifies, for purposes of the Settlement only, the Class (as defined below) consisting of all record and beneficial owners of common stock of Kraft who owned shares of Kraft common stock at any time during the period beginning on March 24, 2015, and ending on July 2, 2015 (the "Class Period"), including any and all of their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors, successors and assigns (collectively, the "Class"). Excluded from the Class are Defendants, members of the immediate family of any Director Defendant, any entity in which a Defendant has or had a controlling interest and the legal representatives, heirs, successors or assigns of any such excluded person. Members of the Class shall not have the right to opt out of the Class.

4. Plaintiffs Steven E. Leitz, John Klocke, Michael Reed, Robert Meyer IRA FBO Robert Meyer and Sam Wietschner and Tova Wietschner TRS for Sam Wietschner

Pension Plan UA April 1, 1990 are provisionally appointed as the Class representatives (the "Class Representatives"), and Levi & Korsinsky LLP is provisionally appointed as counsel for the Class ("Class Counsel").

     5.     The Court provisionally finds, for the purposes of the Settlement only, that each of the requirements of Rules 23(a) and 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied for the reasons set forth below:

     (a)     the members of the Class are so numerous that joinder of all members is impracticable;

     (b)     there are questions of law or fact common to the Class;

     (c)     the claims or defenses of the Class Representatives are typical of the claims or defenses of the Class;

     (d)     the Class Representatives and Class Counsel will fairly and adequately protect the interest of the Class;

     (e)     the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants;

     (f)     adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

(g) Defendants are alleged to have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief would be appropriate respecting the Class as a whole.

6. Each and every member of the Class shall be bound by all determinations and judgments in the Action.

## APPROVAL OF CLASS NOTICE

7. The Court approves, in form and substance, the Class Notice and finds that the form and method of notice described herein is the best notice practicable and constitutes due and sufficient notice of the Settlement Hearing (as defined below) to all persons entitled to receive such a notice.

8. Within twenty (20) calendar days after the date of this Preliminary Approval Order, The Kraft Heinz Company (Kraft's successor-in-interest) shall cause a notice of the Settlement Hearing (as defined below) in substantially the form annexed as Exhibit D to the Stipulation to be mailed by United States mail, postage pre-paid, to all members of the Class as of the date of this Preliminary Approval Order at their last known addresses appearing in the stock transfer records maintained by or on behalf of Kraft. All record holders in the Class who, during the Class Period, were not also the beneficial owners of the shares of Kraft common stock held by them of record shall be requested to forward the Class Notice to such beneficial owners of those shares. The Kraft Heinz Company shall use reasonable efforts to give notice to such beneficial owners by: (a) causing additional copies of the Class Notice to be made available to any record holder who, prior to the Settlement Hearing (as defined below), requests the same for distribution to beneficial owners, or (b) causing additional copies of the Class Notice to be mailed to beneficial

5

owners whose names and addresses The Kraft Heinz Company receives from record owners prior to the Settlement Hearing. The Kraft Heinz Company and/or the Kraft Board's insurer(s) shall be responsible for and shall pay all costs and expenses incurred in providing such Class Notice to the members of the Class.

9. Within two (2) business days after the date of this Preliminary Approval Order, Plaintiffs' counsel shall post a copy of the Class Notice on their respective firm websites, and such copies shall remain posted on such websites through the Final Approval of the Settlement.

10. In the event that the Stipulation is terminated, nullified or avoided pursuant to paragraphs 13 and 14 of the Stipulation, the obligations of the Parties to provide Class Notice in accordance with these paragraphs 8 to 9 shall be of no force and effect, nor shall the parties have any obligation to file affidavits of compliance pursuant to paragraph 11 below.

11. Counsel for Kraft shall, at least fourteen (14) days before the Settlement Hearing (as defined below) directed herein, file with the Court an affidavit with respect to compliance with paragraph 8 above.

## SETTLEMENT HEARING

12. A hearing (the "Settlement Hearing") shall be held on _____, 2015, at _____, at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA, 23219, to:

    (a) determine whether, for settlement purposes only, the Court's provisional certification of the Class pursuant to Rules 23(a) and 23(b)(1) and (b)(2)

6

of the Federal Rules of Civil Procedure and its provisional designation of Class Representatives and Class Counsel should be made final;

(b) determine whether the Settlement should be finally approved by the Court as fair, reasonable and adequate and in the best interests of Plaintiffs and the Class;

(c) determine whether an Order and Final Judgment should be entered pursuant to the Stipulation dismissing the Action with prejudice;

(d) consider any request by Plaintiffs' counsel for an award of Fees and Expenses in accordance with the Stipulation;

(e) hear and determine any objections to the Settlement or to any request of Plaintiffs' counsel for an award of Fees and Expenses; and

(f) rule on such other matters as the Court may deem appropriate.

13. The Court reserves the right to adjourn the Settlement Hearing or any part thereof, including consideration of any request for Fees and Expenses, without further notice of any kind to members of the Class other than oral announcement at the Settlement Hearing or any adjournment thereof.

14. Plaintiffs' counsel shall file and serve opening papers in support of the Settlement not less than thirty (30) calendar days prior to the Settlement Hearing and reply papers, if any, shall be filed and served not less than seven (7) calendar days prior to the Settlement Hearing.

15. If the Settlement is approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

## **OBJECTIONS**

16. Any member of the Class who objects to the Settlement, the Order and Final Judgment to be entered in the Action and/or any award of Fees and Expenses requested by Plaintiffs' counsel, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless, no later than twenty-one (21) calendar days before the Settlement Hearing, such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear, (b) proof of membership in the Class and (c) a detailed written statement of such person's objections to any matters before the Court, as well as all documents or writings such person desires the Court to consider. Service may be made by hand or by overnight mail upon the following counsel of record:

<u>Counsel for Plaintiffs</u>
Elizabeth Tripodi
LEVI & KORSINSKY LLP
1101 30th St. NW, Suite 115
Washington, D.C. 20007

<u>Counsel for Defendants</u>
Richard C. Pepperman II
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498

17. Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement or to the Order and Final Judgment to be entered, or to any award of Fees and Expenses, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described above in paragraph 16. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising any objection in this Action or any other action or proceeding. Members of the Class or

their counsel are not required to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.

## STAY OF PROCEEDINGS

18. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, all Releasing Persons are hereby barred, enjoined, and precluded from instituting, commencing, prosecuting, instigating or in any way participating in the institution, commencement, prosecution or instigation of any and all Released Claims (including any Unknown Claims), either directly, representatively, derivatively or in any other capacity against any Released Person.

## TERMINATION

19. If the Settlement is terminated as provided in the Stipulation:

    (a) this Preliminary Approval Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation;

    (b) this Preliminary Approval Order shall be without prejudice to the rights of the Parties; and

    (c) the Parties shall be restored to their respective positions in the Action immediately prior to the execution of the MOU, as provided in the Stipulation.

## **EFFECT OF SETTLEMENT**

20. The existence of the Stipulation, its contents and any negotiations, statements or proceedings in connection therewith shall not be argued to be, and shall not be deemed to be, a presumption, concession or admission by any Released Person or any other person of any breach of fiduciary duty, breach of any securities law, fault, liability or other wrongdoing as to any facts or claims alleged or asserted in the Actions or otherwise, including any disclosure violations or other violations, in connection with the Merger, the Merger Agreement, the Preliminary Proxy/Prospectus, the Registration Statement, the Final Prospectus, the Definitive Proxy, the Form 8-K, the Mooting Disclosures, the Additional Disclosures, the Independent Disclosures or any drafts, versions, amendments, supplements or modifications to any of the foregoing, or any other public disclosures, statements or filings made or to be made in connection with or regarding the Merger, the Merger Agreement or any of the transactions contemplated thereby, including the Merger; or that Plaintiffs or Plaintiffs' counsel, any member of the Class or any other person have suffered any damage attributable in any manner to any of the Released Persons. Nor shall the existence of the Stipulation and its contents or any negotiations, statements or proceedings in connection therewith be construed as a presumption, concession or admission by Plaintiffs, any member of the Class or Plaintiffs' counsel of any lack of merit of the Released Claims. In the event that the Settlement and/or the Stipulation is terminated, nullified or avoided, or that this Preliminary Approval Order is vacated, nothing in the Stipulation shall be interpreted so as to waive, forfeit or otherwise estop Defendants from continuing to pursue any position Defendants have asserted formally or informally in court filings or other communications, or have not asserted, including, but

not limited to, any positions taken with respect to jurisdiction, venue, discovery, class certification, the propriety of expedited proceedings or discovery or the availability or propriety of injunctive relief, in the Actions or any other litigation concerning or relating to the Merger. The existence of the Stipulation, its contents or any negotiations, statements or proceedings in connection therewith shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal or administrative, except as may be necessary to enforce, or obtain Final Approval of, the Settlement.

21. Notwithstanding the foregoing paragraph 20, any of the Released Persons may file the Stipulation, or any judgment or order of the Court related thereto (including this Preliminary Approval Order), in any action brought against them in order to support any and all defenses or counterclaims based on principles of release, waiver, forfeiture, judgment bar or reduction, good faith settlement, estoppel and/or *res judicata*, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Plaintiffs also may refer to and utilize the Stipulation in connection with any application for an award of Fees and Expenses as agreed in the Stipulation. Paragraphs 31 and 32 of the Stipulation shall remain in force in the event that the Settlement and/or the Stipulation is terminated, nullified or avoided, or this Preliminary Approval Order is vacated.

### RESERVATION OF JURISDICTION

22. This Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement. This Court may, for good cause, extend any deadlines set forth in this Preliminary Approval Order without further notice to members of the Class.

**IT IS SO ORDERED**

Dated: _____BY THE COURT

_____
Henry E. Hudson
United States District Judge

12