**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| STEVEN E. LEITZ, Individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>-against-<br><br>KRAFT FOODS GROUP, INC., JOHN T. CAHILL, W. ANTHONY VERNON, ABELARDO BRU, L. KEVIN COX, MYRA M. HART, PETER B. HENRY, JEANNE P. JACKSON, TERRY J. LUNDGREN, MACKEY J. MCDONALD, JOHN C. POPE, E. FOLLIN SMITH, H.J. HEINZ HOLDING CORP., KITE MERGER SUB CORP., and KITE MERGER SUB LLC,<br><br>                                    Defendants. | Civil Action No. 3:15-CV-262-HEH<br><br>**CONSOLIDATED WITH:**<br>Civil Action Nos.<br>3:15-CV-281-HEH<br>3:15-CV-289-HEH<br>3:15-CV-292-HEH |

**ORDER AND FINAL JUDGMENT**

On October 28, 2015, the parties to the above-captioned consolidated action (the "Action") pending before this Court (the "Court") and parallel actions pending before the United States District Court for the Northern District of Illinois (*Brendan Foote v. John T. Cahill, et al.*, Case No. 1:15-cv-4236) (the "*Foote* Action") and the Henrico County Circuit Court, Virginia (*Tova Samouha v. Kraft Foods Group, Inc., et al.*, Case No. CL15-1132) (the "*Samouha* Action") (the Action, the *Foote* Action and the *Samouha* Action hereinafter collectively referred to as the "Actions"), which parties (the "Parties") include: (a) Plaintiffs Steven E. Leitz, John Klocke, Michael Reed, Robert Meyer IRA FBO Robert Meyer, Sam Wietschner and Tova Wietschner TRS for Sam Wietschner Pension Plan UA

April 1, 1990, Tova Samouha and Brendan Foote (collectively, "Plaintiffs") and (b) Defendants John T. Cahill, W. Anthony Vernon, Abelardo Bru, L. Kevin Cox, Myra M. Hart, Peter B. Henry, Jeanne P. Jackson, Terry J. Lundgren, Mackey J. McDonald, John C. Pope and E. Follin Smith (collectively, the "Director Defendants"), as well as Kraft Foods Group, Inc. ("Kraft"), H.J. Heinz Holding Corporation ("Heinz"), H. J. Heinz Company, Kite Merger Sub Corp. and Kite Merger Sub LLC (collectively, and together with the Director Defendants, "Defendants"), by and through their attorneys, entered into a Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation"), which is intended to completely, fully, finally and forever compromise, settle, release, discharge, extinguish and dismiss with prejudice the Released Claims (as defined below) (including any Unknown Claims (as defined below)) upon and subject to the terms and conditions of the Stipulation (the "Settlement").

On [DATE], 2015, this Court conducted a hearing to determine whether the terms and conditions of the Stipulation, which is fully incorporated herein by reference, and the terms and conditions of the Settlement proposed therein are fair, reasonable and adequate and in the best interests of Plaintiffs and the Class (as defined below) for the settlement and release of claims as set forth in the Stipulation and whether an Order and Final Judgment (the "Order and Final Judgment") should be entered dismissing the Action with prejudice and releasing the Released Claims (as defined below); and the Court having considered all matters submitted to it at the hearing and otherwise;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Order and Final Judgment incorporates and makes part hereof: (a) the Stipulation; and (b) the Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Consolidated Class Action, Settlement Hearing and Right to Appear (the "Class Notice") filed with the Court as Exhibit D to the Stipulation. Unless otherwise defined herein, all capitalized terms shall have the meanings as set forth in the Stipulation.

## **NOTICE**

2. The mailing of the Class Notice pursuant to and in the manner prescribed in the Order Preliminarily Approving Settlement and Providing for Notice entered on [DATE], 2015, (the "Preliminary Approval Order"), which was mailed by United States mail, postage prepaid, beginning on [DATE], 2015, is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and applicable law. Proof of the mailing of the Class Notice was filed with the Court on [DATE], 2015, and a full opportunity to be heard has been offered to the Class (as defined below). It is further determined that all members of the Class (as defined below) are bound by the Order and Final Judgment herein.

3. Defendants on [DATE], 2015, filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants timely mailed notice of the proposed settlement to the Attorney General of the United States of America and the attorneys general of all 50 states and the District of Columbia pursuant to 28 U.S.C.

§ 1715(b). The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

## CERTIFICATION OF CLASS AND APPROVAL OF SETTLEMENT

4. The Court finds that the Action is a proper non-opt-out class action pursuant to Rules 23(a) and 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and hereby certifies, for purposes of the Settlement only, the Class consisting of all record and beneficial owners of common stock of Kraft who owned shares of Kraft common stock at any time during the period beginning on March 24, 2015, and ending on July 2, 2015 (the "Class Period"), including any and all of their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors, successors and assigns (collectively, the "Class"). Excluded from the Class are Defendants, members of the immediate family of any Director Defendant, any entity in which a Defendant has or had a controlling interest and the legal representatives, heirs, successors or assigns of any such excluded person. Members of the Class shall not have the right to opt out of the Class.

5. Plaintiffs Steven E. Leitz, John Klocke, Michael Reed, Robert Meyer IRA FBO Robert Meyer and Sam Wietschner and Tova Wietschner TRS for Sam Wietschner Pension Plan UA April 1, 1990 are appointed as the Class representatives (the "Class Representatives"), and Levi & Korsinsky LLP is appointed as counsel for the Class ("Class Counsel").

6. The Court finds, for the purposes of the Settlement only, that each of the requirements of Rules 23(a) and 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied for the reasons set forth below:

(a) the members of the Class are so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Class;

(d) the Class Representatives and Class Counsel will fairly and adequately protect the interest of the Class;

(e) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants;

(f) adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

(g) Defendants are alleged to have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief would be appropriate respecting the Class as a whole.

7. The Settlement of the Action as provided for in the Stipulation is approved as fair, reasonable, adequate and in the best interests of Plaintiffs and the Class.

## **RELEASE**

8.     Upon Final Approval (as defined below) of the Settlement, Plaintiffs and each and every member of the Class, whether acting in an individual, class, direct, derivative, representative, legal, equitable or any other capacity (collectively, the "Releasing Persons"), shall be deemed to have, and by operation of the Final Approval (as defined below) shall have, completely, fully, finally and forever released, relinquished, settled, extinguished, discharged and dismissed with prejudice all claims, demands, actions, causes of action, rights, liabilities, damages, losses, obligations, judgments, duties, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been or in the future can or might be asserted in the Actions or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal, state or foreign statutory or common law relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws or state disclosure laws or otherwise) against any or all of the Released Persons (as defined below), whether or not any such Released Persons (as defined below) were named, were served with process, appeared in the Actions or are a Party to the Stipulation, which have arisen, could have arisen, arise now or hereafter arise out of, or relate in any manner to, the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to:

(a)     the matters alleged in any pleadings or briefs filed in the Actions;

(b) the Merger Agreement and the transactions contemplated thereby, including the Merger;

(c) the Preliminary Proxy/Prospectus, the Registration Statement, the Final Prospectus, the Definitive Proxy, the Form 8-K, the Mooting Disclosures, the Additional Disclosures, the Independent Disclosures or any drafts, versions, amendments, supplements or modifications to any of the foregoing, or any other public disclosures, statements or filings made or to be made in connection with or regarding the Merger, the Merger Agreement or any of the transactions contemplated thereby, including the Merger;

(d) the fiduciary obligations (including any disclosure obligations) of any of the Defendants or Released Persons (as defined below) in connection with the Merger Agreement, the Merger, the Preliminary Proxy/Prospectus, the Registration Statement, the Final Prospectus, the Definitive Proxy, the Form 8-K, the Mooting Disclosures, the Additional Disclosures, the Independent Disclosures or any drafts, versions, amendments, supplements or modifications to any of the foregoing, or any other public disclosures, statements or filings made or to be made in connection with or regarding the Merger, the Merger Agreement or any of the transactions contemplated thereby, including the Merger;

(e) the negotiations in connection with the Merger Agreement or the Merger; or

(f) any and all conduct by any of the Defendants or Released Persons (as defined below) arising out of or relating in any way to the negotiation or execution of the MOU or the Stipulation (collectively, the "Released Claims").

For the avoidance of doubt, the Released Claims shall include any and all claims, by or on behalf of any of the Releasing Persons, under the federal securities laws related to the Preliminary Proxy/Prospectus, the Registration Statement, the Final Prospectus, the Definitive Proxy, the Form 8-K, the Mooting Disclosures, the Additional Disclosures, the Independent Disclosures or any drafts, versions, amendments, supplements or modifications to any of the foregoing, or any other public disclosures, statements or filings made or to be made in connection with or regarding the Merger, the Merger Agreement or any of the transactions contemplated thereby, including the Merger. Federal securities claims relating to information or representations affecting the underlying value of Heinz securities—so long as such claims are unrelated to the Merger, the Merger Agreement, the Preliminary Proxy/Prospectus, the Registration Statement, the Final Prospectus, the Definitive Proxy, the Form 8-K, the Mooting Disclosures, the Additional Disclosures, the Independent Disclosures or any drafts, versions, amendments, supplements or modifications to any of the foregoing, or any other public disclosures, statements or filings made or to be made in connection with the Merger, the Merger Agreement or any of the transactions contemplated thereby—are not Released Claims. The Released Claims shall not include and do not preclude the right of any of the Parties to enforce the terms of the Stipulation or Plaintiffs' counsel's right to seek an award for attorneys' fees and expenses, as provided for in paragraphs 18 to 26 of the Stipulation.

9. As used in this Order and Final Judgment, the term "Released Persons" shall include all Defendants in any of the Actions and, for the avoidance of doubt, shall include Kraft, Heinz, H. J. Heinz Company, Kite Merger Sub Corp., Kite Merger Sub LLC, John T. Cahill, W. Anthony Vernon, Abelardo Bru, L. Kevin Cox, Myra M. Hart, Peter B.

Henry, Jeanne P. Jackson, Terry J. Lundgren, Mackey J. McDonald, John C. Pope, E. Follin Smith, as well as each of their respective families, parent entities, controlling persons, associates, affiliates, predecessors, successors or subsidiaries (including, for the avoidance of doubt, The Kraft Heinz Company), and each and all of their respective past or present officers, directors, shareholders, members, principals, managers, representatives, employees, attorneys, insurers, financial or investment advisors, consultants, accountants, investment bankers (including, for the avoidance of doubt, Centerview Partners LLC and any other entity that provided a fairness opinion relating to the Merger), agents, general or limited partners or partnerships, limited liability companies, heirs, executors, trustees, personal or legal representatives, estates, administrators, predecessors, successors and assigns, whether or not any such Released Persons were named, were served with process, appeared in the Actions or is a Party to the Stipulation.

10. Upon Final Approval (as defined below) of the Settlement, the Released Persons shall be deemed to have, and by operation of the Final Approval (as defined below) shall have, fully, finally, and forever released, relinquished, settled, extinguished, dismissed with prejudice and discharged Plaintiffs, each and all of the members of the Class and Plaintiffs' counsel, from all claims, sanctions, actions, liabilities or damages (including Unknown Claims (as defined below)) arising out of, relating to or in connection with the investigation, institution, prosecution, assertion, settlement or resolution of the Demand Letters, the Actions or the Released Claims, except that Defendants shall each retain the right to enforce the terms of this Stipulation and the Settlement.

11. The releases contained in Paragraphs 8 through 10 of this Order and Final Judgment extend to claims that the Released Persons and/or the Releasing Persons do not

know or suspect to exist at the time of the releases, which if known, might have affected the decision to enter into the releases or to object to the Settlement ("Unknown Claims"). The Released Persons and the Releasing Persons waive and are hereby deemed to have waived any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States or any foreign state, or any principle of common law, that governs or limits a person's release of Unknown Claims. The Released Persons and the Releasing Persons are hereby deemed to have relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

In addition, the Released Persons and the Releasing Persons waive and are hereby deemed to have waived any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States or any foreign state, or any principle of common law, that is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiffs have further acknowledged, and each and every Releasing Person and/or other Kraft shareholder by operation of law is deemed to have acknowledged, that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the releases set forth in paragraphs 8 to 11, but that it is their intention to hereby completely, fully, finally and forever release, relinquish, settle, extinguish, discharge and dismiss with prejudice any and all Released Claims (including Unknown Claims) known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, accrued or unaccrued,

apparent or unapparent, which now exist, heretofore existed or may hereafter exist, and without regard to the subsequent discovery or existence of additional or different facts. The Parties have acknowledged, and the members of the Class by operation of law are deemed to have acknowledged, that the foregoing waiver of Unknown Claims among the Released Claims was expressly and separately bargained for, was a key and material element of the Settlement and was relied upon by each and all of the Parties in entering into the Stipulation and the Settlement.

## FINAL APPROVAL

12.     The approval of this Settlement by the Court shall be considered final ("Final Approval") upon the later of: (a) the expiration of the time for the filing or noticing of an appeal, petition for review, writ of certiorari or motion for reargument or rehearing from this Order and Final Judgment approving the material terms of the Settlement or any appeal therefrom, without such appeal, petition, writ or motion having been made; (b) the date of final affirmance of this Order and Final Judgment on any appeal, petition for review, writ of certiorari or motion for reargument or rehearing; or (c) the final dismissal of any appeal, petition for review, writ of certiorari or motion for reargument or rehearing; provided, however, and notwithstanding any provision to the contrary in this Order and Final Judgment or the Stipulation, Final Approval shall not be in any way conditioned upon the approval of attorneys' fees, costs and expenses of Plaintiffs' counsel as provided in paragraphs 18 through 26 of the Stipulation or subject to the resolution of any appeal related thereto.

**EFFECT OF SETTLEMENT**

13. The terms of the Settlement and of this Order and Final Judgment shall be forever binding on the Releasing Persons and shall have *res judicata* and other preclusive effect in all pending and future claims, litigation or other proceedings maintained by or on behalf of any Releasing Person in any court, administrative agency, or other tribunal to the extent those claims, litigation or other proceedings involve any of the Released Claims against any of the Released Persons.

14. The existence of the Stipulation, its contents and any negotiations, statements or proceedings in connection therewith shall not be argued to be, and shall not be deemed to be, a presumption, concession or admission by any Released Person or any other person of any breach of fiduciary duty, breach of any securities law, fault, liability or other wrongdoing as to any facts or claims alleged or asserted in the Actions or otherwise, including any disclosure violations or other violations, in connection with the Merger, the Merger Agreement, the Preliminary Proxy/Prospectus, the Registration Statement, the Final Prospectus, the Definitive Proxy, the Form 8-K, the Mooting Disclosures, the Additional Disclosures, the Independent Disclosures or any drafts, versions, amendments, supplements or modifications to any of the foregoing, or any other public disclosures, statements or filings made or to be made in connection with or regarding the Merger, the Merger Agreement or any of the transactions contemplated thereby, including the Merger; or that Plaintiffs or Plaintiffs' counsel, any member of the Class or any other person have suffered any damage attributable in any manner to any of the Released Persons. Nor shall the existence of the Stipulation and its contents or any negotiations, statements or proceedings in connection therewith be construed as a presumption, concession or

admission by Plaintiffs, any member of the Class or Plaintiffs' counsel of any lack of merit of the Released Claims. In the event that the Settlement and/or the Stipulation is terminated, nullified or avoided, or that this Order and Final Judgment is vacated, nothing in the Stipulation shall be interpreted so as to waive, forfeit or otherwise estop Defendants from continuing to pursue any position Defendants have asserted formally or informally in court filings or other communications, or have not asserted, including, but not limited to, any positions taken with respect to jurisdiction, venue, discovery, class certification, the propriety of expedited proceedings or discovery or the availability or propriety of injunctive relief, in the Actions or any other litigation concerning or relating to the Merger. The existence of the Stipulation, its contents or any negotiations, statements or proceedings in connection therewith shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal or administrative, except as may be necessary to enforce, or obtain Final Approval of, the Settlement.

15. Notwithstanding the foregoing paragraph 14, any of the Released Persons may file the Stipulation, or any judgment or order of the Court related thereto (including this Order and Final Judgment), in any action brought against them in order to support any and all defenses or counterclaims based on principles of release, waiver, forfeiture, judgment bar or reduction, good faith settlement, estoppel and/or *res judicata*, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Plaintiffs also may refer to and utilize the Stipulation in connection with any application for an award of Fees and Expenses as agreed in the Stipulation. Paragraphs 31 and 32 of the Stipulation

shall remain in force in the event that the Settlement and/or the Stipulation is terminated, nullified or avoided, or this Order and Final Judgment is vacated.

## TERMINATION

16. If the Settlement is terminated as provided in the Stipulation:

(a) this Order and Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation;

(b) this Order and Final Judgment shall be without prejudice to the rights of the Parties; and

(c) the Parties shall be restored to their respective positions in the Action immediately prior to the execution of the MOU, as provided in the Stipulation.

## ATTORNEYS' FEES

17. Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the total amount of $_____, which amount the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' counsel in accordance with the terms of the Stipulation.

18. It shall be the joint and several obligation of each of Plaintiffs' counsel to refund to The Kraft Heinz Company (Kraft's successor-in-interest) and/or the Kraft Board's insurer(s), as applicable, any Fees and Expenses paid (or, in the case of an order modifying the Fees and Expenses award, any portion thereof) within ten (10) calendar days of the entry of any order reversing, vacating or modifying the Order and Final Judgment or any award of Fees and Expenses, even though such order may be subject to further appeal.

19. None of the Released Persons (or their insurer(s)) shall bear any expenses, costs, damages or fees alleged, incurred or alleged to have been incurred by Plaintiffs, any member of the Class or any of their respective attorneys, agents, experts, advisors or representatives, except as ordered pursuant to paragraph 17 of this Order and Final Judgment.

## MODIFICATION

20. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt any such amendments or modifications of the Stipulation in order to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of the Parties or members of the Class in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

## INJUNCTION

21. The Releasing Parties, on behalf of themselves, their trustees, heirs, agents, attorneys, executors, administrators, predecessors, successors and assigns, and their personal representatives, are hereby permanently barred, enjoined, and precluded from instituting, commencing, prosecuting, instigating or in any way participating in the institution, commencement, prosecution or instigation of any and all Released Claims, either directly, representatively, derivatively or in any other capacity. The Released Claims are hereby compromised, settled, released, discharged and dismissed with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

**DISMISSAL WITH PREJUDICE**

22. The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment.

23. The Court further orders, adjudges and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims by all the parties in the Action.

24. The Action and the Released Claims are hereby dismissed on the merits and with prejudice and without costs, except as provided in paragraph 17 of this Order and Final Judgment.

25. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

**IT IS SO ORDERED**

Dated: _____    BY THE COURT

_____
Henry E. Hudson
United States District Judge